# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-1081

**Motion for:** temporary stay and stay of judgment pending appeal

**Caption [use short title]**

Set forth below precise, complete statement of relief sought:

Defendant-Appellant moves for a stay of the judgment below pending disposition of this appeal. Defendant-Appellant also requests a temporary stay of the judgment pending the Court's decision on this motion.

Hermes International v. Rothschild, 23-1081

**MOVING PARTY:** Mason Rothschild
**OPPOSING PARTY:** Hermes International and Hermes of Paris, Inc.

[ ] Plaintiff  [X] Defendant
[X] Appellant/Petitioner  [ ] Appellee/Respondent

**MOVING ATTORNEY:** Rhett O. Millsaps II
**OPPOSING ATTORNEY:** Gerald J. Ferguson

[name of attorney, with firm, address, phone number and e-mail]

Lex Lumina PLLC; 745 Fifth Avenue, Suite 500, New York, NY 10151; (646) 535-1137; rhett@lex-lumina.com

Baker & Hostetler LLP; 45 Rockefeller Plaza, New York, NY 10111-0100; (212) 589-4238; gferguson@bakerlaw.com

**Court- Judge/ Agency appealed from:** U.S. District Court for the Southern District of New York, Hon. Jed Rakoff

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[X] Yes  [ ] No (explain):

Opposing counsel's position on motion:
[ ] Unopposed  [X] Opposed  [ ] Don't Know

Does opposing counsel intend to file a response:
[X] Yes  [ ] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  [X] Yes  [ ] No
Has this relief been previously sought in this court?  [ ] Yes  [X] No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?  [ ] Yes  [X] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?  [ ] Yes  [X] No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ Rhett O. Millsaps II    **Date:** 3/4/2024    **Service:** [X] Electronic  [ ] Other [Attach proof of service]

**Form T-1080** (rev. 10-23)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| HERMÈS INTERNATIONAL and HERMÈS OF PARIS, INC., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> MASON ROTHSCHILD, <br><br> Defendant-Appellant. | Case No. 23-1081 |

## DEFENDANT-APPELLANT'S MOTION FOR TEMPORARY STAY AND STAY OF JUDGMENT PENDING APPEAL

Pursuant to Rules 8(a)(2) and 27 of the Federal Rules of Appellate Procedure and Local Rule 27.1 of this Court, defendant-appellant Mason Rothschild respectfully submits this motion to stay enforcement of the final judgment entered by the district court on February 14, 2023, pending the disposition of this appeal. Mr. Rothschild also requests a temporary stay pending the Court's decision on this motion.

## INTRODUCTION AND BACKGROUND

This case addresses a significant matter of public importance: the scope of the First Amendment's protection of artistic expression when in tension with the Lanham Act. Moreover, this is the first appeal involving this Court's longstanding

precedent in *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989), following the Supreme Court's decision last year in *Jack Daniel's Prods., Inc. v. VIP Products LLC*, 599 U.S. 140 (2023), and this Court's recent decision in *Vans, Inc. v. MSCHF Product Studio, Inc.*, 88 F.4th 125 (2d Cir. 2023).

In contrast with the defendants in *Jack Daniel's* and *Vans*, in this case Mr. Rothschild made and sold *only speech*: a series of two-dimensional, digital artworks depicting fanciful, fur-covered Birkin handbags on pedestals, which he titled *MetaBirkins*. *See* Page Proof Brief for Defendant-Appellant [Doc. 56] ("Rothschild Br.") 10-11; Reply Brief for Defendant-Appellant [Doc. 119] ("Reply Br.") 6-7.



Appellees Hermès International and Hermès of Paris, Inc. ("Hermès"), the makers of the rarified Birkin handbag—which has become a cultural symbol for wealth

and privilege—sued Mr. Rothschild for federal trademark infringement, dilution, and cybersquatting (as well as parallel state law claims).

Rather than faithfully applying the two objective prongs of this Court's *Rogers* test or, separately, the Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) – either of which would have required dismissal of Hermès' claims on the pleadings or at the latest on summary judgment – the district court below (Hon. Jed S. Rakoff) created a new legal test in contravention of *Rogers* and *Jack Daniel's* and wrongly denied Mr. Rothschild's motions to dismiss and for summary judgment. *See* Reply Br. 6-13.

The district court then held a jury trial riddled with errors over eight days. The jury deliberated over three days, sending a note on the second day of deliberations indicating that it might be hung on the question of whether the First Amendment protected Mr. Rothschild and his *MetaBirkins* artworks. Rothschild Br. 21. After Judge Rakoff instructed the jury to keep deliberating, the following day it returned a verdict against Mr. Rothschild, finding that Mr. Rothschild had "waived" his First Amendment rights and was liable for trademark infringement, dilution, and cybersquatting. *Id*. 4. The district court entered judgment against Mr. Rothschild on February 14, 2023, awarding total damages of $133,000 (approximately half the amount requested) to Hermès (the "Judgment"). *Id*. The

district court denied Mr. Rothschild's renewed motion for judgment as a matter of law on June 23, 2023, and entered an order of permanent injunction against Mr. Rothschild the same day. *Id*. 1. Mr. Rothschild has complied with the terms of the permanent injunction, including, *inter alia*, transferring the *MetaBirkins* website to Hermès and removing the "MetaBirkins" title from online marketplaces that list the *MetaBirkins* NFT artworks, which are publicly available on the internet. Affirmation of Rhett O. Millsaps II in Support of Defendant-Appellant's Motion for Temporary Stay and Stay of Judgment Pending Appeal dated March 4, 2024 ("Millsaps Aff."), ¶ 2.

Mr. Rothschild has little personally to gain from the appeal in this case, as his *MetaBirkins* art project is now a piece of art history. He is pursuing this appeal because of the public importance of this case, recognizing that the district court's legal errors, if left uncorrected, will have a profound chilling effect on artistic freedom guaranteed under the First Amendment. *See* Brief of Amici Curiae MSCHF, CTHDRL, Afred Steiner, Jack Butcher, and Authors Alliance in Support of Defendant-Appellant Mason Rothschild and Reversal [Doc. 70-3, filed November 17, 2023] (the "Artists' Brief").

Mr. Rothschild has been unable to pay the Judgment or to post a bond pending appeal, as his resources have been consumed by this litigation; he still owes his counsel more than $60,000 for expenses advanced in the case. Millsaps

4

Aff. ¶ 3. For over nine months, Hermès did not take any collection action regarding the Judgment. *Id*. ¶ 4. Only after Mr. Rothschild filed his notice of appeal in July 2023; after the parties had an unsuccessful Court-mandated mediation in September 2023; after Mr. Rothschild filed his principal brief in this appeal in November 2023; and after a group of artists and organizations filed their Artists' Brief, on or around November 29, 2023, Hermès served federal subpoenas on Mr. Rothschild's employer, manager, and agent—without notice to Mr. Rothschild as required by Federal Rule of Civil Procedure 45(a)(4)—seeking production of documents regarding all contracts relating to and payments made to Mr. Rothschild. *Id*.

Mr. Rothschild promptly notified Hermès that the subpoenas had been served in violation of the notice requirement of Rule 45, and that he would move to quash the subpoenas on that basis as well as to stay enforcement of the Judgment pending appeal. *Id*. ¶ 5. Hermès' counsel advised that Hermès would withdraw the subpoenas and explained—incredibly, given that Hermès itself drafted and served the subpoenas—"All three should have been subpoenas under state law, that do not require notice absent garnishment. That said, we would have provided notice in any event. My apologies for the oversight." *Id*., Ex. 1. Hermès' counsel further advised, "If and/or when re-served, will keep them in the same form and advise of notice of the same." *Id*. Mr. Rothschild subsequently filed a motion

5

under Rule 62 of the Federal Rules of Civil Procedure to waive the requirement to post a bond and stay collection of the Judgment in December 2023, emphasizing the public importance of this case and its chilling effect on the First Amendment rights of Mr. Rothschild and other artists. *Id*. ¶ 6.

On December 29, 2023, the district court issued an order denying Mr. Rothschild's motion because Mr. Rothschild had "not provided 'an acceptable alternative means of securing the judgment' that would justify a stay of collection of the damages award." *Hermès Int'l et al. v. Rothschild*, 22-cv-384 (JSR), 2023 WL 9118724, at *2 (S.D.N.Y. Dec. 29, 2023) (quoting *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015)). The court ignored Mr. Rothschild's arguments regarding the public importance of the case and First Amendment chilling effect. *Id*. A few days after the court denied Mr. Rothschild's motion, Hermès gave notice that it would re-serve the document subpoenas on Mr. Rothschild's employer, agent, and manager that Hermès had improperly served the prior November, and Hermès subsequently served the subpoenas a second time. Millsaps Aff. ¶ 6.

On or around February 9, 2024—two weeks before Mr. Rothschild's reply brief was due in this appeal—Hermès served document subpoenas on Lex Lumina PLLC and Harris, St. Laurent & Wechsler LLP, Mr. Rothschild's counsel in this case; on Dr. Blake Gopnik and Dr. David Neal, the experts retained by Lex Lumina

6

on behalf of Mr. Rothschild in this case; and on Consilio LLC, the e-discovery vendor hired by Lex Lumina (the "Non-Party Subpoenas"). The Non-Party Subpoenas sought those entities' and individuals' engagement and other agreements with or related to Mr. Rothschild, as well as information regarding all payments and/or transfers made to them by or on behalf of Mr. Rothschild. *Id*. ¶ 7.

Mr. Rothschild promptly filed a motion for a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure, asking the district court effectively to quash the Non-Party Subpoenas as harassing. *Id*. ¶ 8. At a hearing on February 20, 2024, the district court noted that the Non-Party Subpoenas to counsel "regarding payments by a client could have a potentially chilling effect on the representation." *Id*., Ex. 2 at 17. The court then directed Hermès to serve new subpoenas that requested only Mr. Rothschild's account numbers from which his law firms, experts, and law firm's discovery vendor received any payments. *Id*. at 22-23. Hermès served new subpoenas on those individuals and entities seeking Mr. Rothschild's account numbers on or around February 21, 2024. *Id*. ¶ 9.

The $133,000 Judgment is trivial to Hermès, which reported 2023 revenue of 13.4 billion euros. *Id*. ¶ 10. The only plausible explanation for Hermès' suddenly aggressive and overreaching collection efforts at this stage—which began nine months after the Judgment was entered and only after Mr. Rothschild filed his

opening brief in this appeal—is that Hermès is trying to use brute force to pressure Mr. Rothschild into dropping his appeal.

Mr. Rothschild notified Hermès of this motion. Counsel for Hermès responded that Hermès opposes the motion and intends to file a response.

**ARGUMENT**

The standard for a stay of the Judgment pending appeal is "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated 'a substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994) (quoting *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993)). Because all these factors weigh in Mr. Rothschild's favor, and particularly given the public importance of this case and that this appeal is now fully briefed and ready for oral argument, the Court should stay the Judgment pending this Court's decision on the appeal.

**I.   MR. ROTHSCHILD HAS DEMONSTRATED A SUBSTANTIAL POSSIBILITY OF SUCCESS ON APPEAL**

In this Circuit, to obtain a stay pending appeal, "the movant need not always show a 'probability of success' on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the

stay." *LaRouche*, 20 F.3d at 72-73 (quoting *Laurenzo v. Mississippi High Sch. Activities Ass'n*, 708 F.2d 1038 (5th Cir. 1983)). At minimum, Mr. Rothschild's principal and reply briefs demonstrate a substantial possibility of success in this appeal, which involves serious legal questions concerning this Court's seminal precedent in *Rogers* and the limitations on the Lanham Act required by the First Amendment.

Mr. Rothschild's primary argument on appeal is that the district court properly recognized that *Rogers* governs this case but failed to apply its two objective factors, which should have required dismissal of Hermès' claims on the pleadings or, at the latest, on summary judgment. *See* Reply Br. 1-2, 5-13. Instead, the district court wrongly denied Mr. Rothschild's dispositive pre-trial motions, incorrectly ruling that application of the likelihood-of-confusion factors set out in *Polaroid Corp. v. Polarad Elec. Corp.*, 287 F.2d 492 (2d Cir. 1961), was necessary to determine whether Mr. Rothschild's use of Hermès' marks was "explicitly misleading" under *Rogers*, and improperly applying a subjective, intent-based test of its own devise to send the case to trial. *See id*. In doing so, the district court explained that "[o]ne may expect…that in most cases involving *Rogers* there would remain genuine issues of material fact with respect to many or most of its factors, even at the late stages of litigation." *Hermès Int'l, et al. v. Rothschild*, 654 F. Supp. 3d 268, 282 (S.D.N.Y. 2023).

9

The district court got *Rogers* exactly backwards; as the Supreme Court subsequently explained in *Jack Daniel's*, the *Rogers* framework "offers an escape from the likelihood-of-confusion inquiry and a shortcut to dismissal." 599 U.S. at 157. And the substantial merit of Mr. Rothschild's arguments regarding the court's error in denying his dispositive pre-trial motions is underscored by Hermès' choice to completely ignore them in its brief before this Court while incorrectly asserting that they are not reviewable on appeal. *See* Reply Br. 5-6; Hermès Br. 31.

Mr. Rothschild also has made other, independent arguments with substantial chance of success on this appeal, including regarding the district court's (i) failure to correctly apply *Dastar* (Reply Br. 25-28), (ii) materially improper ordering and content of the jury instructions (Reply Br. 14-18), (iii) improper inclusion and exclusion of experts at trial (Reply Br. 23-25), and (iv) erroneous denial of Mr. Rothschild's post-trial motion for judgment as a matter of law (Reply Br. 19-22).

This factor thus weighs in favor of a stay of the Judgment pending resolution of this appeal.

## II. THE PUBLIC INTERESTS WEIGH HEAVILY IN FAVOR OF A STAY

Hermès' claims in this case strike directly at core speech protected by the First Amendment and raise profound questions of artistic freedom—particularly in

a day and age where brands dominate discourse in our culture. As one *Wired* writer observed at the outset of this case:

> If the court were to determine that the [Hermès] brand's monopoly extends to images like Rothschild's, it would be a major loss for artists and all who value freedom of expression, a signal that the metaverse is likely to be treated less as a new frontier for human creativity and more as an annex-in-waiting for established business concerns.

Jessica Rizzo, "The Future of NFTs Lies With the Courts," *Wired*, Apr. 3, 2022, https://www.wired.com/story/nfts-cryptocurrency-law-copyright/ (visited March 4, 2024). *See also* Artists' Brief 3-4 ("The *Rogers* test—which established First Amendment exit ramps for trademark infringement analysis—is critical to ensuring the existence of a thriving artistic society"); *id*. 16 (affirming the district court's application of *Rogers* "would undoubtedly chill the creative expression of artists and authors like *amici*"); *id*. 20 (explain why the district court's approach in this case will lead to a "disastrous outcome for the nation's artists").

Moreover, Hermès' aggressive judgment enforcement efforts at this stage appear to be aimed at forcing Mr. Rothschild to capitulate to Hermès' demands and drop his appeal, whether by embarrassing him professionally or by hampering his ability to pay the substantial costs advanced by his counsel in this case. As this Court has noted, "there is an important public interest to be served in ensuring… effective representation… in cases involving a defendant who has claimed the

protection of the First Amendment to speak on a matter of public concern."

*Cooper v. Town of East Hampton*, 83 F.3d 31, 36 (2d Cir. 1996).

The public interests in this case thus weigh heavily in favor of a stay of the Judgment pending resolution of this appeal.

**III. MR. ROTHSCHILD WILL SUFFER IRREPARABLE INJURY ABSENT A STAY**

The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion)). The permanent injunction entered by the district court thus already constitutes irreparable injury to Mr. Rothschild; that injury will become truly permanent and irreparable if Mr. Rothschild is unable to see this appeal to its end because he is forced into financial distress—including defaulting on his financial obligations to his counsel—by Hermès' Judgment collection efforts. *See* Millsaps Aff. ¶ 3.[1]

Mr. Rothschild additionally has suffered substantial harm from having to go through extensive discovery and trial in this case—including by having his

---

[1] In Hermès' Oral Argument Statement filed pursuant to Local Rule 34.1(a), counsel designated to argue for Hermès indicated that he is unavailable for argument for nearly two full months—from March 29 to May 26 (in addition to other dates in June and July) of this year. Doc. 96. It is clear that Hermès plans to use that delay to ramp up its Judgment collection efforts, undoubtedly in the hope that Mr. Rothschild will capitulate before this appeal is decided.

12

sometimes-embarrassing private communications picked apart and publicized by Hermès—when it was clear from the outset that his *MetaBirkins* were artworks, and that the First Amendment should have foreclosed Hermès' claims as a matter of law. *See* Reply Br. 6-13. The results of this case, if not ultimately corrected by this Court, will have a profound chilling effect not just on Mr. Rothschild, but on all artists who dare to engage with brands in their artwork. A stay of the Judgment by this Court would begin to provide a remedy.

The irreparable harm to Mr. Rothschild thus weighs in favor of a stay of the Judgment pending resolution of this appeal.

## IV. HERMÈS WILL NOT SUFFER SUBSTANTIAL INJURY IF A STAY IS ISSUED

Hermès waited nearly a year after Judgment was entered in this case to begin collection efforts, which it commenced only after Mr. Rothschild filed his principal brief in this appeal and after the Artists' Brief was filed. Millsaps Aff. ¶ 4. The Judgment's award of $133,000 obviously is trivial to Hermès—a company with 13.4 billion euros in revenue in 2023—but a substantial burden on Mr. Rothschild, who owes his counsel half that amount just for advanced expenses. *Id*. ¶¶ 3, 10. Hermès would not suffer any substantial injury if the Judgment is stayed for the remaining few months that this appeal is pending. If Hermès prevails on this appeal a few months from now, then Hermès can resume collection efforts if it wishes and if it does not reach an accord with Mr. Rothschild to satisfy the

Judgment, and Hermès will be in no worse position to garnish Mr. Rothschild's wages at that point.

This factor thus weighs in favor of a stay of the Judgment pending resolution of this appeal.

## CONCLUSION

The Judgment should be stayed pending the Court's decision in this appeal, and the Court should issue a temporary stay of the Judgment until a decision is issued on this motion.

Dated: March 4, 2024

Respectfully Submitted,

 /s/ *Rhett O. Millsaps II*
Rhett O. Millsaps II
Mark A. Lemley
Mark P. McKenna
Christopher J. Sprigman
Rebecca Tushnet
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
(646) 898-2055

*Attorneys for Defendant-Appellant Mason Rothschild*